```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                       AT NASHVILLE
```

BRANDON S. WILLIAMS,            )
                                )
    Plaintiff              )
                                )      No. 3:16-0881
v.                              )      Judge Trauger/Brown
                                )      **Jury Demand**
BRANDON TROUTT 331 OFFICER,     )
                                )
    Defendant              )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed for failure to prosecute and to obey Court orders. Alternatively, the case should be dismissed for failure to state an offense in view of his criminal conviction for the drugs found on his person when the Defendant Police Officer stopped and searched the vehicle in which the Plaintiff was a passenger.

The Magistrate Judge further recommends that any appeal from dismissal of this case not be certified as taken in good faith.

### BACKGROUND

On May 13, 2016, the Plaintiff filed a complaint against the Gallatin Police Department and Officer Troutt (Docket Entry 1). On an initial review (Docket Entry 4) the Court conducted an initial review of the Plaintiff's complaint. The initial review stated:

> The plaintiff claims that, on March 17, 2016, he was a passenger in a car stopped by Officer Brandon Troutt of the Gallatin Police Department. During the stop, Officer Trout allegedly made the plaintiff get out of the car. The plaintiff claims that he was searched three times by Officer Troutt, who touched him in the area of his genitals. The plaintiff claims that both the search and his subsequent arrest were illegal.
>
> From plaintiff's allegations, it could be inferred that the search of his person was unreasonable. It appears, therefore, that the plaintiff has stated a colorable claim for relief.

A scheduling order was entered in the matter on July 7, 2016 (Docket Entry 15). In that scheduling order the Plaintiff was specifically warned that he must keep the Court informed of his current address and that failure to do so could result in the dismissal of his case for failure to prosecute and for failure to comply with the Court's orders.

The Plaintiff next filed an amended complaint (Docket Entry 18) on July 18, 2016. In his amended complaint he dropped claims against the Sheriff's Department and complained only about Officer's Troutt's search of his persons on March 17, 2016.

Subsequently, the Defendant moved to stay the case (Docket Entry 32) on the basis of *Younger v. Harris*, 401 U.S. 37 (1971), until the State criminal charges against the Plaintiff were concluded. In their memorandum in support of the motion (Docket Entry 34) they noted that the Plaintiff had filed motions to dismiss the criminal charges against him on the basis of an unconstitutional search. The Defendant argued that it would be a

2

better practice to stay the federal claims pending the ruling in the criminal case, citing numerous cases.

In particular, they noted that *Heck v. Humphries*, 512 U.S. 477 (1974) held that a federal civil rights suit must be dismissed if a favorable ruling in the federal case would impinge a state criminal conviction. They pointed out that if the Plaintiff's motion to suppress the drugs found on his person is denied in the state criminal court, and the Plaintiff is convicted on the criminal charges pending from the March 17th traffic stop, then Officer Troutt would have had probable cause to remove the Plaintiff from his vehicle and the search was proper. They further pointed out that a favorable ruling in this civil case would impose upon the state court's conviction, and that is exactly what the *Heck* doctrine prevents.

They also cite numerous cases holding that the doctrine of collateral estoppel or *res adjudicata* may also prevent the relitigation of issues in federal court that are litigated and decided in the state criminal proceedings.

The motion was granted and the Clerk was directed to administratively close the case subject to being reopened upon the completion of the criminal case. Counsel for the Defendant was directed to advise the Clerk of the results of the criminal case at its conclusion.

Subsequently, on May 8, 2017 (Docket Entry 38), the Court was notified that Brandon Williams had entered a plea of guilty to

possession of Schedule 2 drugs for sale, resisting a stop, halt and frisk, and two additional counts of possession of Schedule 2 drugs. The Plaintiff received a total effective sentence of 20 years, at 30%, and all was suspended based on the time he had served awaiting disposition of the case (Docket Entry 38-1).

Based on this notification, the Plaintiff was given 21 days to show cause why the Magistrate Judge should not recommend the case be dismissed with prejudice in view of the state court decision. The Plaintiff was cautioned that failure to respond would result in such a recommendation (Docket Entry 39).

Plaintiff's order was subsequently returned as undeliverable (Docket Entry 40). It appears that the Plaintiff was released from jail following his guilty plea on April 28, 2017, and despite the Court's previous warning, has failed to provide a new mailing address or to further contact the Court.

**LEGAL DISCUSSION**

As an initial matter, the Magistrate Judge believes that the Plaintiff's plea of guilty to the charges as related in Docket Entry 38-1, requires his case to be dismissed with prejudice under the *Heck* doctrine. For the Federal Court to find that the Plaintiff was illegally searched would call into question the Plaintiff's conviction for resisting the search and for the possession with intent to sell the drugs found on him.

Even if the *Heck* doctrine were not applicable, the Plaintiff has still failed to provide the Court with a valid

4

address or to take further action involving his release from custody.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was warned at the onset of the case that failure to keep a current address could jeopardize his prosecution of the matter. In this case the Plaintiff has failed to provide the Court with a current address and has failed to respond to Court orders. His failure to do so appears willful and the Defendant can certainly take no further action without a current address for the Plaintiff.

Normally, the Magistrate Judge would recommend a lesser sanction of dismissal without prejudice. However, given the holding in *Heck*, the Magistrate Judge believes that the case should be dismissed with prejudice.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed under the *Heck* doctrine, with prejudice, or alternatively, for failure to prosecute and keep the current address on file, and that any appeal from such dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 22nd day of June, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge